IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51075
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,

versus

FELIPE TOVAR-RODRIGUEZ, also known as Phillip Tovar, also
known as Phillip Rodriguez, also known as Humberto Romo Lopez,
also known as Felipe Castillo, also known as Jose Perez-Johnson,
also known as Armando Hernandez, also known as Ricardo Uribe,
also known as Ricardo Garcia Hernandez,

                                      Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No.  SA-01-CR-358-ALL
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Felipe Tovar-Rodriguez appeals the sentence imposed
following his guilty plea conviction of being found in the United
States after deportation in violation of 8 U.S.C. § 1326.  He
contends that the sentence is invalid because it exceeds the
two-year maximum term of imprisonment prescribed in 8 U.S.C.
§ 1326(a).  Tovar-Rodriguez complains that his sentence was
improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his prior deportation following an aggravated felony conviction. He argues that the sentencing provision violates the Due Process Clause. Alternatively, Tovar-Rodriguez contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Tovar-Rodriguez acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.